UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN T. WILLIAMS,

      Plaintiff,

-against-           19-CV-4353 (CM)

RONALD ELLIS; ANNALISA TORRES;   ORDER OF DISMISSAL
RICHARD J. SULLIVAN,

      Defendants.

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action, which he labels as a "Judicial Conduct Complaint," under the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351-364. By order dated July 15, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

In a judgment filed December 14, 2016, a jury convicted Plaintiff of conspiracy to commit wire fraud and Judge Richard J. Sullivan sentenced him to a term of five years' incarceration, with credit for time served, followed by three years of supervised release. *United States v. Williams*, No. 14-CR-0784-2 (RJS) (S.D.N.Y. Dec. 14, 2016). On May 28, 2019, Plaintiff filed this action by mailing it to the Clerk's Office of this Court. He styles it as a "Judicial Conduct Complaint" under the Judicial Conduct and Disability Act of 1980, 28 U.S.C. § 351, and Rule 6 of the Rules for Judicial-Conduct and Judicial-Disabilities Proceedings. (ECF No. 1, at 1.) He brings this action against Magistrate Judge Ronald Ellis, District Judge Analisa Torres, and District Judge Richard J. Sullivan. He asserts that all three judges engaged in judicial misconduct when they made decisions in the course of his criminal trial. Plaintiff does not appear to seek relief beyond seeing that the judges "be held accountable" for their actions. (*Id.* at 3.)

## DISCUSSION

### A. Plaintiff's Complaint of Judicial Misconduct

To the extent Plaintiff is seeking to file a formal complaint against Defendants under the Judicial Conduct and Disability Act of 1980, 28 U.S.C. §§ 351-364, this Court lacks jurisdiction to adjudicate Plaintiff's claims. A person alleging that a judge has engaged in misconduct must file a complaint "with the clerk of the court of appeals for the circuit" in which the judge sits. 28 U.S.C. § 351(a). The clerk of the circuit court will then transmit the complaint to the chief judge of the circuit for adjudication. 28 U.S.C. § 351(c). The Court therefore dismisses Plaintiff's claims under 28 U.S.C. § 351 without prejudice, and directs the Clerk of Court to forward Plaintiff's complaint to the Clerk of Court for the United States Court of Appeals for the Second Circuit.

**B.     *Bivens* Claims**

Because Plaintiff may be alleging that his constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff's complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]."); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*). To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). Federal courts have analogized *Bivens* claims to those brought under 42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive a plaintiff of a federally protected right. Thus, caselaw from actions brought under § 1983 may be used to address issues raised in *Bivens* cases. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51, 51 (2012) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action

brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). It is clear from his complaint that Plaintiff is asserting claims arising from acts the Defendants have taken in their official judicial capacity. Plaintiff's claims are therefore dismissed. *See* 28 U.S.C. 1915(e)(2)(B)(iii).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Court dismisses Plaintiff's claims under 28 U.S.C. § 351 without prejudice. The Court directs the Clerk of Court to forward a copy of Plaintiff's judicial conduct complaint to Clerk of Court for the United States Court of Appeals for the Second Circuit.

To the extent Plaintiff asserts claims under *Bivens*, the Court dismisses those claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The Court denies Plaintiff's motion to appoint counsel as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 7, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge